IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JITTAWEE CURLY BEAR CUB,<br><br>Defendant. | CR-05-09-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.    Synopsis

Defendant Jittawee Curly Bear Cub (Bear Cub) has been accused of violating the conditions of his supervised release. (Docs. 208 and 216). Bear Cub admitted most of the alleged violations. Bear Cub's supervised release should be revoked. Bear Cub should be sentenced to Time Served, with a lifetime of supervised release to follow. Bear Cub shall also undergo an updated psychosexual evaluation. Should the psychosexual evaluation determine that Bear Cub is no longer a danger to children, Bear Cub may request the Court reduce his period of supervised release to 36 months.  During the term of his supervised release, Bear Cub shall be subject to the modified supervised release conditions, 1-15, imposed by oral pronouncement in open court.

## II.    Status

Bear Cub was found guilty by a jury of his peers on August 10, 2005, of the offense of Abusive Sexual Contact Without Permission, in violation of 18 U.S.C § 2244(a)(1) as charged in Count II of the Indictment. (Doc.42).   Bear Cub was sentenced to 41 months of custody followed by a lifetime of supervised release. (Doc 54). Bear Cub's current term of supervised release began on December 26 , 2025.

### Petition

On January 22, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Bear Cub's supervised release. (Doc. 208).   The Petition alleged Bear Cub violated the conditions of his supervised release by: (1) failing to participate in substance abuse testing by failing to report for sweat patch removal on January 9, 2026; (2) communicating or interacting with someone he knew was engaged in criminal activity on January 10, 2026; (3) failing to participate in sex offender treatment on January 13th, January 17th, and January 19th, 2026; and (4) using methamphetamine on January 17, 2026.

### Initial Appearance

Bear Cub appeared before the Court on February 3, 2025.  Bear Cub was represented by counsel.  Bear Cub stated that he had read the Petition and that he

understood the allegations against him.  Bear Cub waived his right to a preliminary hearing.

### Revocation hearing

The Court conducted a revocation hearing on February 3, 2026.  The parties consented to proceed with the revocation hearing before the undersigned. Bear Cub admitted that he had violated the conditions of supervised release as set forth as allegations 2, 3, and 4 in the Petition. The Government moved to dismiss allegation 1, which the Court granted. The Court determined that Bear Cub's admitted violations are serious and warrant revocation of his supervised release.  The Court continued Bear Cub's sentencing until October 26, 2026 at 1:30 p.m.

### Amended Petition

On March 18, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Bear Cub's supervised release. (Doc. 216). The Amended Petition alleged Bear Cub additionally violated the conditions of his supervised release by: (5) consuming alcohol on March 15, 2026.

### Second Revocation hearing

The Court conducted a revocation hearing on March 24, 2026.  The parties consented to proceed with the revocation hearing before the undersigned. The Court noted Bear Cub had previously admitted that he had violated the conditions of supervised release as set forth as allegations 2, 3, and 4 in the Petition. Bear Cub

then admitted that he had violated the conditions of his probation by consuming alcohol as set forth as allegation (5) of the Amended Petition. The Court determined that Bear Cub's admitted violations are serious and warrant revocation of his supervised release. The Court continued Bear Cub's sentencing until April 7, 2026, which was subsequently re-set for April 6, 2026.

**Sentencing hearing**

Bear Cub appeared before the Court on April 6, 2026, 2025. Bear Cub's violation is a Grade C. His criminal history category is I. Bear Cub's underlying offense is a Class C felony. Bear Cub could be incarcerated for up to 24 months. Bear Cub could be ordered to remain on supervised release for his lifetime. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Bear Cub's supervised release should be revoked. Bear Cub shall be sentenced to Time Served, with a lifetime of supervised release to follow. Bear Cub shall also undergo an updated psychosexual evaluation. Should the psychosexual evaluation determine that Bear Cub is no longer a danger to children, Bear Cub may request the Court reduce his period of supervised release to 36 months. During the term of his supervised release, Bear Cub shall be subject to the modified supervised release conditions, 1-15, imposed by oral pronouncement in open court. This sentence is sufficient but not greater than necessary.

## IV.     Conclusion

The Court informed Bear Cub that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Bear Cub of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Bear Cub that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bear Cub waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS**:

That JITTAWEE CURLY BEAR CUB has violated the conditions of his supervised release by: (2) communicating or interacting with someone he knew was engaged in criminal activity on January 10, 2026; (3) failing to participate in sex offender treatment on January 13th, January 17th, and January 19th, 2026; (4) using methamphetamine on January 17, 2025  and (5) consuming alcohol on March 15, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Bear Cub's supervised release and sentence Bear Cub to Time Served with a lifetime of supervised release to follow.  Bear Cub shall also undergo an updated psychosexual evaluation. Should the psychosexual evaluation determine that Bear Cub is no longer a danger to children, Bear Cub may request the Court reduce his period of supervised release to 36 months.  During the term of his supervised release, Bear Cub shall be subject to the modified supervised release conditions, 1-15, imposed by oral pronouncement in open court as follows:

1. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the

company of any child under the age of 18, [with the exception of your own children;] go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

2. You must have no contact with victim(s) in the instant offense.

3. You must submit your person, and any property, residence, place of employment, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access,] to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4. All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

5. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

6. You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

7. You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale. You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances,

without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy.

8. You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

9. You must enter and successfully complete an outpatient sex offender treatment program as directed and approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

10. You must participate in substance abuse testing to include not more than 104  urinalysis tests, not more than 104 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

11. You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

12 You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

13 You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

14 You must utilize one primary physician and one pharmacy to prescribe, dispense, and monitor all necessary prescription medication. If you have a valid prescription, you must follow the instructions on the prescription. You must notify any treating physician or facility of a history of substance abuse. You must allow third-party disclosure to any treating physician or facility regarding any history of substance abuse.

15 The defendant shall participate in a program inclusive of Moral Reconation Therapy that is approved by the United States Probation Office. The defendant is to pay part or all of the cost of this treatment as directed by the United States Probation Office.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of April 2026.


John Johnston
United States Magistrate Judge