IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JITTAWEE CURLY BEAR CUB,<br><br>Defendant. | CR-05-09-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Jittawee Curly Bear Cub (Bear Cub) has been accused of violating the conditions of his supervised release. (Doc. 226). Bear Cub admitted some of the alleged violations with an explanation. Bear Cub's supervised release should be revoked. Bear Cub should be sentenced to custody for 3 months, with a lifetime of supervised release to follow. Bear Cub's counsel shall arrange a psycho sexual evaluation of Bear Cub.

## II.   Status

Bear Cub was found guilty by a jury of his peers on August 10, 2005, of the offense of Abusive Sexual Contact Without Permission, in violation of 18 U.S.C § 2244(a)(1) as charged in Count II of the Indictment. (Doc.42).   Bear Cub was

sentenced to 41 months of custody followed by a lifetime of supervised release. (Doc 54). Bear Cub's current term of supervised release began on April 6, 2026.

### Petition

On April 21, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Bear Cub's supervised release. (Doc. 226).   The Petition alleged Bear Cub violated the conditions of his supervised release by: (1) failing to report for his scheduled polygraph exam on April 18, 2026; (2) failing to take his psychotropic medications during April of 2026; and (3) consuming alcohol and purchasing alcohol for minors on April 20, 2026.

### Initial Appearance

Bear Cub appeared before the Court on April 29, 2026.   Bear Cub was represented by counsel.  Bear Cub stated that he had read the Petition and that he understood the allegations against him.  Bear Cub waived his right to a preliminary hearing.

### Revocation hearing

The Court conducted a revocation hearing on April 29, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Bear Cub admitted that he had violated the conditions of supervised release as set forth as allegations 1 and 2 with an explanation. Bear Cub denied allegation 3. The Government moved to dismiss allegation 3, which the Court granted. The Court

determined that Bear Cub's admitted violations, 1 and 2, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Bear Cub appeared before the Court on April 29, 2026. Bear Cub's violation is a Grade C. His criminal history category is I. Bear Cub's underlying offense is a Class C felony. Bear Cub could be incarcerated for up to 24 months. Bear Cub could be ordered to remain on supervised release for his lifetime. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Bear Cub's supervised release should be revoked. Bear Cub shall be sentenced to custody for a term of 3 months, with a lifetime of supervised release to follow. Bear Cub's counsel shall arrange a psycho sexual evaluation of Bear Cub. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Bear Cub that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Bear Cub of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Bear Cub that Judge Morris would consider a timely objection before making a final determination on whether to revoke his

supervised release and what, if any, sanction to impose. Bear Cub waived his right to appeal and to allocute before Judge Morris. Bear Cub waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That JITTAWEE CURLY BEAR CUB has violated the conditions of his supervised release by: (1) failing to report for his scheduled polygraph exam on April 18, 2026 and (2) failing to take his psychotropic medications during April of 2026.

The Court **RECOMMENDS:**

That the District Court revoke Bear Cub's supervised release and sentence Bear Cub to custody for 3 months with a lifetime of supervised release to follow.  Bear Cub's counsel shall arrange a psycho sexual evaluation of Bear Cub.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of April 2026.

John Johnston
United States Magistrate Judge